UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MARANON,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA STADIUM AUTHORITY, et al.,<br><br>   Defendants. | Case No. 15-cv-04709-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**<br><br>[Re: ECF 29] |

Before the Court is Defendants Santa Clara Stadium Authority ("Stadium Authority"), City of Santa Clara ("City"), and Forty Niners Stadium Management Company LLC ("Stadium Management") (collectively, Defendants")'s motion for leave to file a third party complaint against Turner/Devcon under Rule 14. Mot., ECF 28. The Stadium Authority owns, operates, and/or maintains Levi's Stadium ("Stadium"). Compl. ¶ 2, ECF 1. The City owns the real property in and on which the Stadium is located and leases the Stadium to the Stadium Authority. *Id.* ¶ 3. The Stadium Management leases the Stadium from the Stadium Authority, maintains and operates the Stadium, and subleases the Stadium to third parties for various events, including the hockey game Maranon attended in 2015. *Id.* ¶ 4.

The time for filing an opposition has elapsed, and Plaintiff Anthony Maranon has not filed an opposition. The Court previously vacated the hearing on this matter pursuant to Civil L.R. 7-1(b). ECF 33. For the reasons discussed herein, the Court GRANTS Defendants' motion.

**I.   BACKGROUND**

Plaintiff asserts eight causes of action against Defendants: (1) violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, *et seq.*, against the Stadium Authority and the City; (2) violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, against

the Stadium Management; (3) violations of the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, against all Defendants; (4) denial of full and equal access to public facilities against all Defendants; (5) negligence per se for regulatory and statutory violations against the Stadium Management; (6) negligence based on premises liability against the Stadium Management; (7) dangerous condition of public property against the Stadium Authority and the City; and (8) breach of statutory duty against the Stadium Authority and the City. *See generally* Compl.

Maranon alleges that on or about February 21, 2015, he attended a San Jose Sharks hockey game at Levi's Stadium with a friend. *Id.* ¶ 10. Maranon is a T5 paraplegic and uses a wheelchair for mobility. *Id.* ¶ 1. Near the end of the game, Maranon and his friend took an elevator to the ground level in order to exit the Stadium. *Id.* ¶ 10. Maranon's friend was pushing him in his wheelchair when the front wheel of his wheelchair became stuck in the openings of a drainage grate, causing him to be thrown to the ground and suffer injuries. *Id.*

## II.   LEGAL STANDARD

Rule 14(a) permits a defending party to implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). When, as is the case here, the third-party complaint is not asserted within 14 days of the filing of a defendant's original answer, the decision to permit the third-party complaint is within the "sound discretion of the court." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In the exercise of this discretion, courts "balance the desire to avoid a circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case" by considering the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quoting *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)). The Court considers those factors here, keeping in mind that the purpose of Rule 14 is to promote judicial efficiency, and leave to file a third-party claim is liberally granted in furtherance of that policy. *See J & J Sports Prods., Inc. v. Tolentino*, No. 1:10-CV-02089-LJO, 2011 WL 5547144, at *2 (E.D. Cal. Nov. 14, 2011).

### III. DISCUSSION

As an initial matter, Defendants ask the Court to take judicial notice of the complaint in this action. *See* Req. for Judicial Notice, ECF 28-2. Because all documents filed on the docket are properly before the Court, it need not take judicial notice of the complaint to consider it. Accordingly, Defendants' request for judicial notice is DENIED.

Defendants seek to implead as third-party defendant Turner/Devcon, who contracted with the Stadium Authority and Stadium Management to construct the Stadium. Mot. 3. Defendants assert that the contract between the parties contains an express indemnification provision running in favor of Defendants. *Id.* at 3–4. In addition, Defendants contend that some or all of the barriers alleged by Plaintiff, and therefore the alleged injuries resulting therefrom, were caused by Turner/Devcon. *Id.* at 3. Defendants' proposed third-party complaint against Turner/Devcon asserts claims of equitable indemnity and express contractual indemnity. *See* Ex. A to Conant Decl., ECF 28-1 ("Proposed Third Party Complaint").

The Court finds that granting Defendants leave to file the proposed third party complaint will not result in prejudice to Mr. Maranon, complicate issues at trial, or delay trial. The Court observes that this case is not yet set for trial, and discovery remains open. Although this motion was filed more than 10 months after the deadline to add parties, the Court finds the motion timely under the circumstances. Defendants first tendered this ADA claim to Turner/Devcon on August 31, 2015. Conant Decl. ¶ 7, ECF 28-1. Turner/Devcon failed to formally respond to this tender. *Id.* Defendants sent follow up letters renewing the tender on March 16, 2016, and August 1, 2016. *Id.* ¶¶ 6–7. Turner/Devcon finally responded on August 4, 2016, but it did not accept the tender. *Id.* ¶ 8. Because Turner/Devcon did not accept the tender, Defendants filed the instant motion. *Id.*

Furthermore, the addition of Turner/Devcon as a third party is unlikely to materially complicate the issues at trial nor, in light of the lack of any opposition from Plaintiff, will it substantially prejudice Plaintiff. *See Joe Hands Prods., Inc. v. Davis*, No. C 11-6166, 2012 WL 6035538, at \*2 (N.D. Cal. Dec. 4, 2012) (granting similar motion in similar circumstances).

The Court accordingly GRANTS Defendants' motion for leave to file a third party complaint. Defendants shall file the third-party complaint **on or before December 15, 2016** and

3

serve Turner/Devcon in accordance with the Federal Rules of Civil Procedure. Defendants shall also endeavor to meet and confer with Turner/Devcon and Plaintiff as soon as possible.

**IT IS SO ORDERED.**

Dated: December 9, 2016

_____
BETH LABSON FREEMAN
United States District Judge