UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MARANON,<br>　　　Plaintiff,<br>　v.<br>SANTA CLARA STADIUM AUTHORITY, et al.,<br>　　　Defendants. | Case No. 15-cv-04709-BLF<br><br>**ORDER GRANTING MOTION TO AMEND AND VACATING HEARING**<br><br>[Re: ECF 38] |

Plaintiff Anthony Maranon brings this suit against Santa Clara Stadium Authority ("Stadium Authority"), the City of Santa Clara ("City"), and Forty Niners Stadium Management Company LLC ("Stadium Management) (collectively, "Defendants") following an incident at Levi's Stadium in Santa Clara, California (the "Facility"), in which he fell out of his wheelchair after his wheel became lodged in a drainage grate that had excessive openings in violation of applicable federal and state access standards. *See generally* Compl., ECF 1. Maranon asserts: violation of Titles II and III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131–34, 12181–89; violations of the California Unruh Civil Rights Act, Cal. Civ. Code § 51; denial of full and equal access to public facilities; negligence per se; negligence based on premises liability; dangerous conditions of public property, pursuant to Cal. Gov't Code §§ 830, 835; and a breach of statutory duty, pursuant to Cal. Gov't Code § 815.6. *See generally id.*

Presently before the Court is Maranon's unopposed motion to amend his complaint in order to allege a claim of negligence against his medical providers, whom he alleges contributed to the injuries he suffered from the incident at the Facility. Mot. 1–2, ECF 38. Pursuant to Civil L.R. 7-1(b), the Court finds Plaintiff's motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for June 1, 2017. For the reasons set forth herein, the

Court GRANTS Plaintiff's motion.

## I. LEGAL STANDARD

Fed. R. Civ. P. 15 provides that leave to amend pleadings generally should be given freely "when justice so requires." But leave may be denied based on "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Fed. R. Civ. P. 20 sets forth specific standards for permissive joinder. Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from "the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." A court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution." 28 U.S.C. § 1367.

## II. DISCUSSION

In order to successfully join Mansour Jamal, Fook "Frank" Wong, and O'Connor Hospital (collectively, "Medical Defendants"), Maranon must satisfy the permissive joinder requirements of Rule 20.[1] *Oda v. United States*, CV11-4514, 2012 WL 692409, at * 1 (N.D. Cal. Mar. 2, 2012).

Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Typically, this means that a party "must assert rights . . . that arise from related activities—a transaction or an occurrence or a series thereof." *Bravado Int'l Grp. Merch. Servs. v. Cha*, No. CV 09-9066, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citation, internal quotation marks, and emphasis omitted). District courts have reached different conclusions regarding whether overlapping liability alone is sufficient to satisfy

---

[1] The Court is satisfied that it would have supplemental jurisdiction over the claims asserted against the Medical Defendants.

2

FRCP 20, and the Ninth Circuit has not yet decided this issue. *See Oda*, 2012 WL 692409, at *1–2 (describing two lines of cases).

"Although the specific requirements of Rule 20 . . . may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Such factors may include judicial economy, prejudice, and whether separate claims require different witnesses and documentary proof. *SEC v. Leslie*, No. C 07–3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010).

Maranon argues that the claims against the Medical Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, because his medical negligence claim against the Medical Defendants contributed to the same injuries he alleges were caused by his fall at the Facility, will involve common witnesses and evidence as his personal injury claims against Defendants, and he would be required to relitigate the same injuries in a separate action if the Court denies his request. Mot. 5. Maranon further contends that denial of this motion will make it difficult to apportion liability amongst all of the defendants, including the Medical Defendants. *Id.*

The Court agrees with Maranon. Rule 20 simply requires "related activities" and "similarity in the factual background of a claim." *Jacques v. Hyatt Corp.*, No. C 11-5364, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (citation and internal quotation marks omitted). Maranon has set forth several relationships between the incident at the Facility and the subsequent alleged medical negligence, specifically: that the injury caused by both incidents is the same, the second claim would not exist but for the first, and there are overlapping damages. Mot. 4–5. Maranon's allegations therefore meet the threshold requirement. *Cf. Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 951–52 (S.D.N.Y.1989) (finding the threshold "series of occurrences" requirement satisfied where the plaintiff sued for products liability and subsequent medical malpractice after an accident involving a dyeing machine).

FRCP 20 also requires at least on common question of law or fact. *Jacques*, 2012 WL 3010969, at *4. At a minimum, preexisting conditions, contributing factors, and the nature and

3

extent of Maranon's injuries are common questions of fact for both claims. Moreover, each of the defendants will surely be pointing to the other as the primary cause of the ultimate injuries. Accordingly, Plaintiff's complaint meets the second threshold requirement under FRCP 20.

Finally, the Court finds that permissive joinder of the Medical Defendants will comport with the principles of fundamental fairness because the current parties have indicated that the participation of the Medical Defendants "may be critical to a settlement." *See* Stipulation to Extend Deadline for Mediation ¶ 4, ECF 42. Plaintiff also contends that Defendants may be prejudiced if the Medical Providers are not joined in this action because it would make apportionment of liability amongst the defendants more difficult. Mot. 5.

For the foregoing reasons, the Court finds permissive joinder warranted and thus GRANTS Marnon's motion to amend the complaint. Plaintiff shall file the amended complaint on or before May 3, 2017. The last day to effectuate service of the amended complaint is July 1, 2017.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4