**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANTHONY MARANON,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA STADIUM AUTHORITY, et al.,<br><br>Defendants. | Case No. 15-cv-04709-BLF<br><br>**ORDER GRANTING THE MEDICAL DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: ECF 53, 54, 62] |

While attending a San Jose Sharks hockey game on February 21, 2015, Plaintiff Anthony Maranon ("Maranon") was injured when his wheelchair became lodged in a drainage grate at Levi's Stadium in Santa Clara. Maranon, who is a T5 paraplegic, alleges that he was thrown from his wheelchair and injured his leg. On February 23, 2015, a few days after his initial injury, Maranon sought medical treatment in the emergency department at O'Connor Hospital. Two doctors treated Maranon's leg by fitting him with a knee immobilizer, which he alleges caused him additional injury.

As a result of the incident at Levi's Stadium, Maranon brought claims against Santa Clara Stadium Authority ("Stadium Authority"), the City of Santa Clara ("City"), and Forty Niners Stadium Management Company LLC ("Stadium Management") (collectively, "Stadium Defendants") for alleged violations of applicable federal and state access standards. *See generally* FAC, ECF 45. Against the Stadium Defendants, Maranon asserts the following: violation of Titles II and III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131–34,

1  12181–89; violations of the California Unruh Civil Rights Act, Cal. Civ. Code § 51; denial of full and equal access to public facilities; negligence per se; negligence based on premises liability; dangerous conditions of public property, pursuant to Cal. Gov't Code §§ 830, 835; and a breach of statutory duty, pursuant to Cal. Gov't Code § 815.6. *See generally id.*

On April 24, 2017, the Court granted Maranon's motion to amend his complaint in order to allege a claim of negligence against his medical providers, whom he contends contributed to his injuries when he sought medical treatment two days after the incident at Levi's Stadium. *See* ECF 44. Maranon filed the First Amended Complaint on April 24, 2017, adding a cause of action for medical negligence against O'Connor Hospital, Dr. Fook "Frank" Wong ("Wong"), and Dr. Mansour Jammal ("Jammal") (collectively, "Medical Defendants"). *See* ECF 45 ("FAC"). Each of the Medical Defendants now separately moves to dismiss the medical negligence claim in the FAC. *See* ECF 53, 54, 62.

The Court held a hearing on the Medical Defendants' motions to dismiss on October 12, 2017. For the following reasons, as well as the reasons stated on the record at the hearing, the Medical Defendants' motions to dismiss for lack of subject matter jurisdiction are GRANTED without prejudice to Maranon re-filing the medical negligence claims in state court.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may challenge a pleading for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

**III. DISCUSSION**

The Medical Defendants move to dismiss the FAC on the grounds that the Court should not exercise supplemental jurisdiction over the medical negligence claim, and in any event, the medical negligence claim was not timely filed under the applicable statute of limitations. *See*

Motions to Dismiss, ECF 53, 54, 62.[1] Because the Court finds that exercising supplemental jurisdiction over the medical negligence claim is not proper in this case, the Court does not reach the statute of limitations issue.

### A. Subject Matter Jurisdiction

The Medical Defendants argue that the Court cannot exercise supplemental jurisdiction over the medical negligence claim asserted against them in the FAC. A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Under Section 1367, a district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In *United Mine Workers v. Gibbs,* the Supreme Court authorized federal courts to assert jurisdiction over state law claims when the state and federal claims at issue "derive from a common nucleus of operative fact." *Gibbs,* 383 U.S. 715, 725 (1966). The Ninth Circuit has since reiterated that a state law claim is part of the same case or controversy under Article III "when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Even where supplemental jurisdiction exists, Section 1367(c) authorizes a court, however, to decline to exercise supplemental jurisdiction in four circumstances: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in other exceptional circumstances. 28 U.S.C. § 1367(c). While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), that discretion is further informed by "judicial economy, convenience, fairness, and comity"—the *Gibbs* factors. *Acri v.*

---

[1] Dr. Wong, Dr. Jammal, and O'Connor Hospital are each represented by separate counsel and filed separate motions to dismiss. Maranon filed an opposition to each motion. *See* ECF 59, 60, 66. However, the briefing tracks each other and raises substantially the same arguments. For purposes of efficiency, this Order refers to the collective arguments by the Medical Defendants and the arguments of Maranon, taking into account the briefing on all three motions.

4

*Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see Gibbs*, 383 U.S. a 726 (1966); *see also City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172–73 (1997) (holding that district courts should "deal with cases involving pendent jurisdiction in the manner that best serves the principles of economy, convenience, fairness, and comity.")  Once supplemental jurisdiction is challenged by a defendant, the plaintiff bears the burden of proving that the district court has jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

Here, the Medical Defendants argue that supplemental jurisdiction over the medical negligence claim is not available under § 1367(a) because it does not arise from a shared common nucleus of operative facts with the claims against the Stadium Defendants. The Medical Defendants imply that the Court need not even reach the § 1367(c) exceptions because there is no subject matter jurisdiction pursuant to § 1367(a) over the claims unless they share a common nucleus of operative fact with the federal claims.[2]  In his opposition, Maranon does not argue that the medical negligence claim arises from a common nucleus of operative facts with the federal claims against the Stadium Defendants. Rather, Maranon argues that the state law claims are *related* to the federal claims and that the law requires only a "loose factual connection" to satisfy § 1367. *See* ECF 60 at 8.  However, the FAC itself alleges that supplemental jurisdiction exists over state law claims "arising from the same nucleus of operative facts" as the federal claims. *See* FAC ¶ 10.

Maranon relies heavily on this Court's order granting him leave to amend his complaint to allow the joinder of the Medical Defendants under Federal Rule of Civil Procedure 20. The Court acknowledges that in a footnote in its prior order permitting joinder and amendment it stated that "[t]he Court is satisfied that it would have supplemental jurisdiction over the claims asserted against the Medical Defendants." *See* ECF 44 at 2 n.1.  However, the issue of supplemental jurisdiction was not briefed and Maranon's motion for leave to amend was unopposed.  Now that the Medical Defendants are parties to the case and have properly challenged the FAC for lack of

---

[2] Dr. Wong does argue that the Court should not exercise supplemental jurisdiction because the circumstances delineated in § 1367(c) are also present here. *See* ECF 55. The Court does not reach Dr. Wong's arguments related to § 1367(c) because it finds that supplemental jurisdiction does not exist over the malpractice claim pursuant to § 1367(a).

5

subject matter jurisdiction, the Court revisits its prior ruling. With the benefit of full briefing by the parties, the Court now concludes that it *does not* have subject matter jurisdiction over the medical malpractice claim in the FAC.

The FAC alleges that Maranon was initially injured when he fell out of his wheelchair as it struck a drainage grate in a dimly lit area at Levi's Stadium. *See* FAC ¶ 14(b). The initial incident resulted in multiple leg fractures. *Id*. Two days after he sustained leg injuries at Levi's Stadium, Maranon sought medical attention from the Medical Defendants. *Id*. ¶ 14(c). As a result of their allegedly negligent application of a knee immobilizer, Maranon contends that he suffered additional injuries in the form of pressure wounds. *Id*. ¶ 14(d), (e). He further alleges that he was not discharged from the hospital for an unnecessarily lengthy period of time, which contributed to the injuries he suffered due to the knee immobilizer. *Id*. ¶ 14(e).

In contrast to the clearly separate injuries in the FAC, Maranon argues that his "injuries resulted from his fall at the stadium, but may have been exacerbated by the negligence" of the Medical Defendants. ECF 60 at 9. He further argues that the claims against the Stadium Defendants will "necessarily involve many of the same witnesses and evidence" as the claims against the Medical Defendants. *Id*. The Court disagrees with Maranon's characterization of the claims, and finds that the claims against the Stadium Defendants would require a completely separate trial from the medical malpractice claims against the Medical Defendants. *See Bahrampour*, 356 F.3d at 978 (holding that supplemental jurisdiction inquiry includes consideration of whether the state and federal claims "would normally be tried together.") The claims at issue in this case rest upon entirely different sets of facts and would require independent evidence of causation. As the Medical Defendants point out, Maranon does not allege that the negligent medical care exacerbated the actual fracture injuries that he sustained from the fall at the stadium. ECF 61 at 3. The FAC clearly distinguishes between (1) the initial leg fractures; and (2) the pressure wounds from the knee immobilizer. Thus, Maranon's own allegations undermine his argument that the claims against the Stadium Defendants and those against the Medical Defendants "are part of the same injury and cannot be severed." ECF 60 at 8.

Maranon's arguments on apportionment and joint and several liability are also not relevant

to the supplemental jurisdiction inquiry, which asks whether the state claims and federal claims at issue "derive from a common nucleus of operative fact." *Gibbs,* 383 U.S. at 725; *see also Bahrampour*, 356 F.3d at 978. The Court is persuaded by the First Circuit's decision in *Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68 (1st Cir. 1999), which is cited by the Medical Defendants at length. In that case, a mentally impaired individual was kidnapped and beaten by police officers, then hospitalized, and eventually died. *Id*. at 69. Believing that his death was the result of a combination of the beatings by the police and medical malpractice, his parents filed a lawsuit. They alleged claims against the police officers under 42 U.S.C. § 1983, in addition to state law claims against the hospital and doctors who treated him asserting supplemental jurisdiction pursuant to § 1367. *Id*.

The district court dismissed the claims against the medical defendants for lack of subject matter jurisdiction because the medical malpractice claims did not share a common nucleus of operative facts with the federal claim against the police. *Id*. The First Circuit affirmed, finding that the lower court's decision turned on "essentially fact-based assessments" that did not amount to an abuse of discretion. *Id*. at 70. The First Circuit added that even if "there may be finger-pointing defenses, whether at the liability or damages stage" it does not change the supplemental jurisdiction assessment. Moreover, the First Circuit concluded that "[w]hether or not the police violated [the individual's] civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care; damages is a separate issue." *Id*.

Without acknowledging that the appropriate standard requires the plaintiff to demonstrate a "common nucleus of operative facts," Maranon argues that the claims must be brought against all defendants in this case because none of his injuries would have occurred "but for" the fall, and liability must be apportioned. ECF 60 at 8. The Court finds that Maranon ignores the proper standard for the exercise of supplemental jurisdiction under § 1367(a). Further, he does not address the issue that the claims against the Medical Defendants arise from a completely separate incident from the claims against the Stadium Defendants, and resulted in clearly distinct injuries.

Moreover, Maranon's arguments were expressly rejected by the First Circuit in *Serrano-Moran*, and again in this district by Magistrate Judge Grewal. *See Oda v. United States*, No.

7

CV11-04514-PSG, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012). Consistent with these decisions, the Court finds that whether or not the Stadium Defendants are liable for Maranon's leg fractures based on violations of disability discrimination laws, "has nothing to do with whether the hospital and doctors conformed to the requisite standard of care." *Serrano-Moran*, 195 F.3d at 70. The witnesses and evidence related to the claims are also so distinct given the distinct injuries that separate trials would be warranted. Thus, there is no common nucleus of operative facts that allows for the exercise of supplemental jurisdiction over the medical negligence claims.

For the foregoing reasons, the Court GRANTS the Medical Defendants' motions to dismiss for lack of subject matter jurisdiction without prejudice to Maranon re-filing the medical negligence claims in state court.

### B. Statute of Limitations

The Medical Defendants also move to dismiss the medical negligence claim against them on the ground that it is apparent from the face of the Complaint that the FAC was not timely filed. The statute of limitations for medical malpractice claims is found in California Code of Civil Procedure § 340.5, which provides for two limitation periods. The statute provides that "[i]n an action for injury, against a health care provider based upon professional negligence, the time for the commencement of the action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Code Civ. P. § 340.5(a). The Medical Defendants argue that the one year statute of limitations period had expired.

Because the Court finds that it lacks subject matter jurisdiction over the malpractice claim against the Medical Defendants, the Court need not reach the statute of limitations issue. However, as the Court stated on the record at the hearing, Maranon would also face problems on this front. The Court refers Maranon to the holding in *Mock v. Santa Monica Hospital*, where the California Court of Appeal affirmed the lower court's decision to sustain defendant's demurrer on the ground that the alleged medical malpractice claim was barred by the statute of limitations. 187 Cal.App.2d 57 (1960). The *Mock* court explained that "[i]n order to show that his cause of action is not barred where the act of the defendant which is alleged to have been negligent occurred more

8

than a year before the commencement of the action, the plaintiff must state in his complaint 'when the discovery was made, the circumstances under which it was made, and facts to show that the plaintiff is not at fault for not having made an earlier discovery, and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." 187 Cal.App.2d 57, 64-65 (1960). *Id*. at 64-65.

Having determined that this Court lacks subject matter jurisdiction, the Court does not rule on the statute of limitations issue and terminates that portion of the motion as moot.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Medical Defendants' motions to dismiss the medical negligence claim in the FAC pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction are GRANTED without prejudice to Maranon filing the medical malpractice claim in state court. The Medical Defendants' motions to dismiss under Rule 12(b)(6) are TERMINATED AS MOOT.

Dated: October 13, 2017

_____
BETH LABSON FREEMAN
United States District Judge