# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MARANON,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA STADIUM AUTHORITY, et al.,<br><br>    Defendants. | Case No. 15-cv-04709-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING**<br><br>[Re: ECF 102] |

Before the Court is Plaintiff Anthony Maranon's ("Plaintiff") unopposed Motion for Leave to File Second Amended Complaint ("SAC") against Defendants Santa Clara County Stadium Authority, City of Santa Clara, and Forty Niners Stadium Management Company LLC ("Defendants"). ECF 102 ("Mot."); *see also* proposed SAC, ECF 102-1. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the hearing set for December 13, 2018. For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to file the proposed SAC.

**I.     BACKGROUND**

Plaintiff initiated this action against Defendants on October 12, 2015, alleging violations of Titles II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and related California law, as well as various state-law tort claims. *See* ECF 1 ("Compl."). Plaintiff alleges that he is physically disabled as defined by all applicable California and federal laws. *See* Compl. ¶ 1. Plaintiff further alleges that Defendants failed to remove barriers to his access at Levi's Stadium, located at 4900 Marie P. DeBartolo Way in Santa Clara, California (the "Stadium"), which is owned and operated by

1  Defendants Santa Clara Stadium Authority and Forty Niners Stadium Management Company
2  LLC. *See* Compl. ¶¶ 2–3. Plaintiff alleges that the City of Santa Clara owns the real property on
3  which the Stadium is located. Compl. ¶ 4.

On February 1, 2017, Plaintiff moved to file a First Amended Complaint ("FAC") to add a claim of negligence against his medical providers ("Medical Defendants"), whom he alleged contributed to the injuries he suffered from the incident at the Facility. *See* ECF 38. This Court granted leave to amend (ECF 44), and Plaintiff filed his FAC on April 24, 2017, adding a cause of action for medical negligence (ECF45). The Medical Defendants moved to dismiss the FAC's new claim against them (ECF 53, 54, 62), which the Court granted on October 13, 2017 (ECF 78).

The case proceeded through the General Order 56 process, including a joint site inspection and mediation, but the parties were unable to resolve Plaintiff's claims against Defendants. *See* Mot. at 3. The Court held a Case Management Conference on May 10, 2018 and set a pretrial and trial schedule for the case, with trial commencing on March 4, 2022. ECF 92.

Plaintiff now seeks leave to amend his complaint against Defendants to add additional access barriers related to Plaintiff's disability that he seeks to have removed in his request for injunctive relief. *See generally* Mot. Defendants did not file an opposition to Plaintiff's Motion.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). The factors considered when determining whether to grant leave to amend include "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief.

2

Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015); *Johnson,* 975 F.2d at 608.

## III. DISCUSSION

Plaintiff seeks leave to amend his FAC in order to include in his request for injunctive relief all barriers at the Facility related to his disability. *See* Mot. at 4. According to the Court's Case Management Order, the parties had until July 9, 2018 to seek leave to amend pursuant to Rule 15. Plaintiff filed his motion for leave to amend on July 9, 2018, and thus Rule 15 governs Plaintiff's motion. Rule 15(a) is a liberal standard, providing that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Plaintiff's motion for leave to amend satisfies the requirements of Rule 15(a). Under the liberal standard set forth in Rule 15, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607; *Foman*, 371 U.S. at 182. Not all factors carry equal weight. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

The Court finds that none of the factors weighing against amendment are present here. Defendants do not oppose Plaintiff's motion, and thus make no argument that amendment will prejudice them in any way. Moreover, Defendants were on continuous notice of this amendment, as the original complaint expressly alleged that Plaintiff would "seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Stadium and relate to his disabilities removed to afford him full and equal access." Compl. ¶ 11. And trial in this matter is not until 2022, demonstrating that amendment here would not prejudice Defendants.

Likewise, there is no evidence of bad faith, undue delay, or futility. Plaintiff moved to

amend soon after he was first allowed to do so, as he could not move to amend until the stay mandated by General Order 56 was lifted by this Court's Case Management Order. *See* General Order 56 ¶ 2. Moreover, amendment would not be futile, as Plaintiff's request to add the alleged barriers at an early stage of the litigation is required and encouraged by Ninth Circuit law. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) ("[A]n ADA plaintiff who has been discriminated against in one aspect of a public accommodation may, in a single lawsuit, obtain an injunction to prevent impending discrimination on account of his specific disability throughout the accommodation."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (holding that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere.")

For the foregoing reasons, the Court finds that Rule 15's presumption in favor of granting leave to amend applies to Plaintiff's motion. All of the Rule 15(a) factors weigh in favor of granting Plaintiff's motion for leave to file the SAC. Accordingly, Plaintiff's motion for leave to file the proposed SAC is GRANTED.

## IV. ORDER

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED.
2. Plaintiff shall promptly file the proposed SAC in the record.
3. The hearing scheduled for December 13, 2018 is VACATED.

**IT IS SO ORDERED.**

Dated: August 16, 2018

BETH LABSON FREEMAN
United States District Judge